J. A06007/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSHUA DEVITIS, AS ADMINISTRATOR OF THE ESTATE OF GINA DEVITIS DECEASED, AND IN HIS OWN RIGHT AS DECEDENT'S HUSBAND | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPELLANT | : | |
| v. | : | |
| KEITH DASHER, AND EAGLE ROCK COMMUNITY ASSOCIATION, INC | : : | |
| | : | No.874 MDA 2015 |

Appeal from the Ordered Entered May 5, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2012-11788

BEFORE: LAZARUS,J., STABILE,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 18, 2016**

Appellant, Joshua DeVitis, as Administrator of the Estate of Gina DeVitis, deceased, appeals from the trial court's orders granting summary judgment in favor of Appellees, Keith Dasher and Eagle Rock Community Association, Inc. ("ERCA"), following the death of Appellant's decedent as a result of a boating accident. Appellant alleged that Appellees were responsible for the decedent's death.

The trial court granted Motions for Summary Judgment in favor of the Appellees and dismissed the Complaint, finding that there was no evidence that the Appellees' alleged negligence caused the decedent's death.[1]

On appeal, however, Appellant has not challenged the trial court's finding that Appellant could not establish causation, but rather has argued that the trial court erred in failing to find a genuine issue of material fact regarding vicarious liability, violation of Pennsylvania law of boating regulations, and condoning a boat party. Since Appellant never challenged the actual basis for the trial court's decision, Appellant waived its challenge to the grant of the Motions for Summary Judgment and we must affirm the decision of the trial court.

**Procedural Background**

A detailed recitation of the factual and procedural history is not necessary for our analysis. As the trial court succinctly stated:

> This matter concerns an alleged drowning on a private lake. It is uncontested that Gina DeVitis, [d]eceased, was part of a group partying on a boat navigated by Keith Dasher. At some point in the evening Dasher attached a floating dock owned by Eagle Rock Community Association, Inc. (ERCA) and relocated it. Subsequent to this activity, Gina utilized the still attached dock, entered the lake, and

---

[1] The trial court granted the Motion for Summary Judgment in favor of Appellee ERCA on January 8, 2015 and the Motion for Summary Judgment in favor of Appellee Keith Dasher on May 5, 2015. Entry of the May 5, 2015 order rendered the January 8, 2015 order final for purposes of appeal. **See Betz v. Neumo Abex, LLC**, 44 A.3d 27 (Pa. 2012) (holding an appeal of a final order subsumes challenges to previous interlocutory decisions).

proceeded to swim toward the shore. Gina was followed by her husband [Appellant herein] who found her floating face down in the water with no signs of life. No autopsy was performed.

Trial Ct. Op., 1/8/15, at 1 (unpaginated).

On October 17, 2014, upon the completion of discovery, Appellee ERCA filed a Motion for Summary Judgment in which it argued that Appellant "failed to produce sufficient evidence to support a claim of negligence against ERCA[,] and that "[n]o act or omission on the part of [ERCA] caused Gina to drown." Brief of ERCA in Supp. of its Mot. for Summ. J., 10/17/2014, at 2.

Following a hearing on the motion, on January 8, 2015, the trial court granted Appellee ERCA's Motion for Summary Judgment. The trial court filed an opinion stating its reasons for granting the Motion. The trial court initially made a finding that there was an issue of material fact regarding the Appellant's agency relationship with Appellee ERCA:

> [Appellant] alleges that at all relevant times ERCA's negligent omissions and commissions were carried out by [Appellee] Keith Dasher, as its agent. More specifically, that Dasher's recovery and relocation of the floating dock was pursuant to an alleged agreement between Dasher and a representative of ERCA. **Clearly the record contains genuine issues of material fact as to the scope of the alleged agency and Dasher's conduct**.

Trial Court Op., at 1 (unpaginated) (emphasis added).

The trial court then held that "resolution of the agency issue is not essential to resolve ERCA's Motion for Summary Judgment." *Id*. The trial

court concluded, and explicitly based its grant of the Motion for Summary Judgment on its finding, that there was no evidence of a "casual connection" between allegations of negligence and the harm the decedent suffered:

> The record is void of any evidence as to a causal connection between any of the alleged allegations of negligence of Dasher (which for purposes of this Motion are deemed true) and the actual harm suffered by [Appellant].

*Id.* at 2 (unpaginated).

Appellant filed a Motion for Reconsideration of the January 8, 2015 Order, which the trial court denied on January 30, 2015.

On February 25, 2015, Appellee Dasher filed a Motion for Summary Judgment, raising the issue on which the trial court granted the Motion for Summary Judgment in favor of Appellee ECRA. In particular, Appellee Dasher argued that Appellant "failed to demonstrate any causal connection between any alleged breach of duty of Mr. Dasher owed to [Appellant] and the resulting damages." Keith Dasher's Mot. for Summ. J., 2/25/15, at 3 (unpaginated).

The trial court also granted Appellee Dasher's Motion for Summary Judgment on May 5, 2015, but did not file a supporting Opinion. Appellant timely appealed on May 21, 2015. Appellant filed a Pa.R.A.P. 1925(b) statement on June 26, 2015. The trial court did not file a Rule 1925(a) Opinion.

Appellant raised two allegations of trial court error in his Rule 1925(b) statement and his brief. Appellant, however, does not challenge basis for the trial court's grant of the Motions for Summary Judgment, but rather challenges two other issues that the trial court did not decide and were irrelevant once the trial court found that Appellant failed to establish causation:

> It is respectfully submitted that [the trial court] abused [its] discretion and committed errors of law as follows:
>
>> [1]. In finding there were no genuine issues of material fact in regard to ERCA's vicarious liability to Appellant and the decedent involved here, where the deposition testimony [ ] provided that it is ERCA's policy not to allow property owners to take possession of and moor docks in Lake Susquehanna wherever they desire, and Appellee Keith Dasher did just that in this instance, with the improper placement of said dock being responsible for Gina DiVitis's death?
>>
>> [2]. In finding there were no genuine issues of material fact in regard to Appellee Keith Dasher's liability to Appellant [and] the decedent involved here, where Appellee Keith Dasher was in violation of Pennsylvania law in regard to numerous aspects of boating safety and where Appellee Keith Dasher promoted and condoned a "party" atmosphere on [his] boat which included drinking alcohol and playing loud music?

Concise Statement of Errors Complained of on Appeal, 6/26/15, at 3-4; **see also** Appellant's Brief at 3.

**Legal Analysis**

Before reaching the merits of Appellant's issues on appeal, we first consider whether they are properly before this Court. We conclude that they are not because the trial court based its decision on the issue of causation and Appellant never challenged this issue.

In its opinion in support of the order granting Appellee ERCA's Motion for Summary Judgment, the trial court explained, that although the record "contained genuine issues of material fact as to the scope of the alleged agency [between ERCA and Dasher] and Dasher's conduct[,]" **Appellant failed to present any evidence of a causal connection between Appellee Dasher's negligence and Gina DiVitis's death**. Trial Ct. Op. at 1-2 (unpaginated) (emphasis added). The court emphasized that it was granting summary judgment because Appellant had not established "a **causal connection** between the alleged negligent acts and the decedent's death[.]" ***Id.*** at 2 (unpaginated) (emphasis added).

However, in his Rule 1925(b) Statement, Appellant does not challenge the trial court's finding that there is no evidence of causation. Rather, Appellant raises two separate and distinct issues unrelated to the causation issue. First, Appellant argues that the trial court erred in finding no genuine issues of material fact regarding Appellee ERCA's vicarious liability for acts of Appellee Dasher:

> [1]. In finding there were no genuine issues of
> material fact in regard to ERCA's vicarious liability to

Appellant and the decedent involved here, where the deposition testimony [ ] provided that it is ERCA's policy not to allow property owners to take possession of and moor docks in Lake Susquehanna wherever they desire, and Appellee Keith Dasher did just that in this instance, with the improper placement of said dock being responsible for Gina DiVitis's death?

Concise Statement of Errors Complained of on Appeal, at 3.

Appellant's second issue on appeal is equally unrelated to the causation issue because Appellant argues that the trial court should have found that there was a genuine issue of material fact about whether Appellee Dasher violated Pennsylvania law regarding boat safety and condoned a boat party:

[2]. In finding there were no genuine issues of material fact in regard to Appellee Keith Dasher's liability to Appellant [and] the decedent involved here, where Appellee Keith Dasher was in violation of Pennsylvania law in regard to numerous aspects of boating safety and where Appellee Keith Dasher promoted and condoned a "party" atmosphere on [his] boat which included drinking alcohol and playing loud music?

*Id.* at 3-4.

Even if this court were to find that there was a genuine issue of material fact regarding vicarious liability, violating Pennsylvania laws about boat safety and condoning a boat party, the trial court's finding that Appellant failed to prove causation is dispositive of the Motion for Summary Judgment.

Moreover, the issues that Appellant raised in its 1925(b) Statement and its brief cannot be construed to challenge the trial court's finding on causation. Although Pa.R.A.P. 1925(b)(4)(v) provides that "each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court," we find that the causation issue is separate and distinct from, and not a subsidiary issue of, the issues of vicarious liability, violation of Pennsylvania laws and condoning a party boat. Therefore, Appellant waived his challenge to the legal basis for the trial court's grant of the Motions for Summary Judgment.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016